IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SHERWIN ALUMINA L.P., | § | |
| | § | |
| Plaintiff, | § | Civil Action |
| | § | No. C-06-085 |
| v. | § | |
| | § | |
| M/V ESER KAPTANOGLU, et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER GRANTING MOTIONS FOR LEAVE TO AMEND

On this day came on to be considered the opposed motions of Defendants M/V Eser Kaptanoglu ("M/V Eser"), Gunes Gemicilik Ve Tankercilik A.S. ("Gunes Gemicilik") and H. Ismail Kaptanoglu Shipmanagement and Trading Co. ("HIKST") for leave to file their first amended original answers.  (D.E. 20, 21, 22).

This case involves an alleged allision of a vessel, the M/V Eser, with a dock owned and operated by Plaintiff Sherwin Alumina, L.P. ("Sherwin").  On February 17, 2006, Sherwin brought an *in rem* suit against M/V Eser and an *in personam* suit against Gunes Gemicilik and HIKST (the owner and operator of the vessel). (D.E. 1).  M/V Eser, Gunes Gemicilik and HIKST all filed original answers to Plaintiff's complaint.  (D.E. 8, 16, 17).  On August 15, 2006, all three Defendants filed motions to amend their

answers.  (D.E. 20, 21, 22).

Gunes Gemicilik and HIKST seek to add an affirmative defense that Sherwin's "loading arm was at such an angle as to have caused an obstruction to the navigation of M/V Eser Kaptanoglu at the time it was docking at [Sherwin's] facility" (hereinafter, the "Obstruction of Navigation" defense).  (D.E. 20 and 21, Exh. A, p. 4).

M/V Eser seeks to add several affirmative defenses, including the defense that "at the time of the alleged allision ... Plaintiff's terminal and loading arm was an illegal installation and constituted an illegal obstruction to navigation" (hereinafter, the "Illegal Obstruction" defense). (D.E. 22, Exh. A, p. 4).

The Court's scheduling order in this case sets August 31, 2006 as the deadline for amendment of pleadings.  (D.E. 13, ¶ 6).

Federal Rule of Civil Procedure 15(a) provides that "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a); see also United States ex rel. Doe v. Dow Chem. Co., 343 F.3d 325, 329 (5th Cir. 2003).  Rule 15(a) applies to amendment of answers, and "[a]n answer may be amended to include an inadvertently omitted affirmative defense."  Kontrick v. Ryan, 540 U.S. 443, 459 (2004).

Based on the foregoing, the Court ORDERS as follows:

1. The Court GRANTS the motions of M/V Eser, Gunes Gemicilik and HIKST to file their first amended original answers.

2. If Gunes Gemicilik's and HIKST's Obstruction of Navigation defense is later determined to be frivolous, Plaintiff is entitled to reimbursement for the reasonable costs and attorney's fees it incurs in responding to that affirmative defense.

3. If M/V Eser's Illegal Obstruction defense is later determined to be frivolous, Plaintiff is entitled to reimbursement for the reasonable costs and attorney's fees it incurs in responding to that affirmative defense.

SIGNED and ENTERED this 5th day of September, 2006.

_____
Janis Graham Jack
United States District Judge